FILED

2021 Jul-19  PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A – PART 1

DOCUMENT 1

| State of Alabama<br><br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br><br>52 | ELECTRONICALLY FILED<br>6/14/2021 3:44 PM<br>52-CV-2021-900191.00<br>CIRCUIT COURT OF<br>MORGAN COUNTY, ALABAMA<br>CHRIS PRIEST, CLERK |
|---|---|---|---|
| | | Date of Filing:<br>06/14/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
### TIFFANY WILEY v. CIRCLE K STORES INC.

**First Plaintiff:** ☐ Business ☑ Individual  **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM<br>DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ YES ☑ NO    Note: Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

| **ATTORNEY CODE:**<br><br>DEN041 | 6/14/2021 3:44:25 PM<br>Date | /s/ GARRETT PARKER DENNIS<br>Signature of Attorney/Party filing this form |
|---|---|---|

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
6/14/2021 3:44 PM
52-CV-2021-900191.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | |
|---|---|
| **TIFFANY WILEY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CASE NO.:** _____ |
| | ) |
| | ) |
| **CIRCLE K STORES, INC.** | ) |
| **d/b/a "CIRCLE K",** | ) |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the flooring at the store in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding water, substance or some other liquid that was hazardous to Plaintiff and other patrons in the store in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the floor in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the flooring materials or floor used for travel by the store patrons in the store in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the water or other liquid or substance to be present on the floor in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Plaintiff; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the store in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the flooring materials present in the store in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or

corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein;  No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the section or department of the store in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained],

)

**Defendants.**                                    )

---

## COMPLAINT

---

## PARTIES AND VENUE

1.      Plaintiff, Tiffany Willey, is an individual resident citizen of the State of Alabama and is over the age of nineteen (19) years of age.

2.      Defendant, Circle K Stores, Inc. is an foreign corporation doing business in the State of Alabama and Morgan County.

3.      Upon information and belief Circle K Stores does business as "Circle K."

4.      Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

5.      Venue is proper in Morgan County pursuant to Ala. Code § 6-3-2 (a)(3) considering the occurrence giving rise to this suit occurred within the County.

### FACTUAL BACKGROUND

6.      On or about the 14th day of June 2019, Plaintiff went shopping at the Circle K store located at 2317 Highway 31 S., Decatur, AL 35601.

7.      While using the restroom, Plaintiff slipped on a wet, slippery substance and fell to the ground, striking her head.

8.      The impact from the fall caused the Plaintiff to suffer the following injuries and damages:

(a)     She suffered injuries to various portions of his body, including but not limited to: head and neck;

(b)     She suffered aggravations of pre-existing condition(s);

(c)     She has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

(d)     She has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

(e)     She was permanently injured, disfigured and damaged;

(f)     She was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(g)     She was caused to incur out-of-pocket medical expenses;

(h)     She is reasonably certain to incur personal injury medical expenses in the future;

## COUNT ONE- NEGLIGENCE AND WANTONNESS

9.      Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

10.     On or about the 14th day of June 2019, Plaintiff was shopping at Circle K and therefore qualifies as a business invitee.

11.     Defendant Circle K Stores, Inc. doing business as "Circle K" and one or more of the fictitious party defendants listed and described hereinabove (hereinafter referred to as "Defendants"), negligently, recklessly and/or wantonly cleaned and/or failed to cliean during business hours, while customers were present, causing the floor to become wet and slippery.

12.     In the alternative the Defendant failed to maintain its bathroom in a manner that allowed a toilet to leak and cause the floor to become hazardous.

13.     Defendants knew, or should have known, that injury was likely to occur as a result of the wet floor.  Additionally, Defendants allowed the floor to become, and remain, wet with a conscious disregard for the safety of customers.

14.     As a result of Defendants' negligence, wantonness and/or recklessness, Plaintiff

slipped on the wet, slippery substance, fell to the ground and suffered injuries as described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Circle K Stores Inc. and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the court render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT TWO – PREMISES LIABILITY

15.     Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

16.     On or about the 14th day of June 2019, Plaintiff was shopping at Circle K and therefore qualifies as a business invitee.

17.     Defendants negligently, recklessly and/or wantonly caused or allowed a clear slippery substance to be placed or to remain upon the floor in an area that was used by its patrons or invitees to move around the store, causing Plaintiff to fall and suffer injury, as described above, herein.

18.     At the aforesaid time and place, Defendants were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place to shop.  If any defects in their owned or leased premises existed, Defendants had the duty to warn its patrons and/or invitees of hazards of which it/they knew, or should have known in the exercise of due care, were not easily discoverable by the invitees.  Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to warn Plaintiff of the hazard and/or defect which was known to them or which they negligently failed to detect in their use, operation and maintenance of and upon the premises.  Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

19.     Defendants were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured and the flooring materials, cleaning materials, polishing materials, methods and schedule for cleaning, inspecting and maintaining said floors and for establishing patterns and routes for its patrons and/or invitees to ambulate and/or travel around and about the store therein and about said store and premises at the time and place of the occurrence made the basis of Plaintiff's complaint and negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that Defendants owed to Plaintiff in causing or allowing the floors upon which Plaintiff fell to be unreasonably slick and/or hazardous due to the clear liquid substance being present upon the flooring and causing a hazard, either in and of itself or in conjunction with the cleaning, polishing or other substances

used upon the floor or through the schedule of said cleaning or lack of said scheduled cleaning. Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the floor was maintained and presented to the patrons or invitees for their use in ambulating and/or traveling about the store as they shopped and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

20.    Defendants negligently, wantonly, recklessly and/or willfully caused or allowed the slippery clear liquid to remain in a main travel area in close proximity to the meat department and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Circle K Stores Inc. and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the court render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT THREE – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING

21.    Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

22.    Defendants were under an obligation and duty to train their employees to make sure that there are not hazards present so as not to cause any unreasonable dangers for customers of the store.

23.    Defendants were under an obligation and duty to train and supervise store employees to properly inspect the commercial areas or areas accessible to their patrons or invitees so that there are no dangerous conditions not readily discoverable to their patrons or invitees.

24.    Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the store area free and clear of dangerous conditions. Defendants' failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Circle K Stores Inc. and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine,

together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the court render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT FOUR – FICTITIOUS DEFENDANTS

25.    Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

26.    Fictitious Party Defendants identified and described hereinabove, whether singular or plural, are those other persons, firms, corporations, partnerships or entities whose wrongful conduct caused or contributed to cause the injuries or damages to Plaintiff.

27.    As a proximate result of said negligence, intentional conduct, willfulness and/or wantonness of said Defendants, Plaintiff was caused to be injured and damaged as described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the court render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the *Clerk* direct service of the foregoing "Summons and Complaint" by certified mail, addressed as follows:

Circle K Stores Inc.
Corporation Service Company Inc.
641 S. Lawrence Street
Montgomery, AL 36104

Garrett Dennis (DEN041)
Attorney for Plaintiff

- 6 -

DOCUMENT 2



AlaFile E-Notice

52-CV-2021-900191.00

To:  GARRETT PARKER DENNIS
     gdennis@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

TIFFANY WILEY V. CIRCLE K STORES INC.
52-CV-2021-900191.00

The following complaint was FILED on 6/14/2021 3:44:35 PM

Notice Date:      6/14/2021 3:44:35 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov





USPS CERTIFIED MAIL

9214 8901 7301 4152 2100 0135 27

302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

52-CV-2021-900191.00

To:  CIRCLE K STORES INC.
     641 S. LAWRENCE ST.
     MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**

**TIFFANY WILEY V. CIRCLE K STORES INC.**
**52-CV-2021-900191.00**

The following complaint was FILED on 6/14/2021 3:44:35 PM

Notice Date:     6/14/2021 3:44:35 PM

**CHRIS PRIEST**
**CIRCUIT COURT CLERK**
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL 35602

256-351-4720
chris.priest@alacourt.gov

DOCUMENT 5



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
TIFFANY WILEY V. CIRCLE K STORES INC.

52-CV-2021-900191.00

To:  CLERK MORGAN
     clerk.morgan@alacourt.gov

TOTAL POSTAGE PAID: $6.26

Parties to be served by Certified Mail - Return Receipt Requested

CIRCLE K STORES INC.                                    Postage: $6.26
641 S. LAWRENCE ST.
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

DOCUMENT 6

**UNITED STATES POSTAL SERVICE**

June 18, 2021

Dear Circuit Clerk:

| **UJS Information** |
| --- |
| Case Number: 52-CV-2021-900191.00 | Intended Recipient: |
| Document Type: Complaint | CIRCLE K STORES INC.  (D001) |
| Restricted Delivery Requested: No | 641 S. LAWRENCE ST. |
| | MONTGOMERY, AL 36104 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4152 2100 0135 27**.

## Item Details

| | |
| --- | --- |
| **Status:** | Delivered to Agent for Final Delivery |
| **Status Date / Time:** | June 18, 2021, 11:42 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

| | |
| --- | --- |
| **Weight:** | 3.0oz |

## Recipient Signature

| | |
| --- | --- |
| Signature of Recipient: (Authorized Agent) | C-K  C-K |
| Address of Recipient: | 641 S Lou |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

52-CV-2021-900191.00

Judge: CHARLES B. ELLIOTT

To:   DENNIS GARRETT PARKER
      gdennis@asilpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

TIFFANY WILEY V. CIRCLE K STORES INC.
52-CV-2021-900191.00

The following matter was served on 6/18/2021

**D001 CIRCLE K STORES INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2021-900191.00

Judge: CHARLES B. ELLIOTT

To:  CIRCLE K STORES INC. (PRO SE)
641 S. LAWRENCE ST.
MONTGOMERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

TIFFANY WILEY V. CIRCLE K STORES INC.
52-CV-2021-900191.00

The following matter was served on 6/18/2021

**D001 CIRCLE K STORES INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov

DOCUMENT 8

ELECTRONICALLY FILED
6/29/2021 2:34 PM
52-CV-2021-900191.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

TIFFANY WILEY,

    Plaintiff(s),

v.

CIRCLE K STORES, INC.
d/b/a "CIRCLE K",

    Defendant(s).

CIVIL ACTION NO.: 52-CV-2021-900191

JURY DEMAND

---

## ANSWER

---

Defendant Circle K Stores, Inc., (hereinafter "Circle K" or "Defendant") answers Plaintiff's Complaint as follows:

### PARTIES AND VENUE

1.    Admitted, upon information and belief.

2.    Admitted.

3.    Admitted.

4.    There are no material allegations made against Circle K in paragraph four (4) of Plaintiff's Complaint; therefore, no response is required.

5.    Circle K denies that "the occurrence giving rise to this suit" occurred as alleged in Plaintiff's Complaint. Circle K admits that venue is proper in Morgan County.

### FACTUAL BACKGROUND

6.    Circle K denies the material allegations in paragraph six (6) of Plaintiff's Complaint and demands strict proof thereof.

7.    Circle K denies the material allegations in paragraph seven (7) of Plaintiff's Complaint and demands strict proof thereof.

8.      Circle K denies the material allegations in paragraph eight (8) of Plaintiff's Complaint, including all subparagraphs therein, and demands strict proof thereof.

## COUNT ONE – NEGLIGENCE AND WANTONNESS

9.      Circle K realleges its responses to the preceding paragraphs as if fully set forth herein.

10.      Circle denies the material allegations in paragraph ten (10) of Plaintiff's Complaint and demands strict proof thereof.

11.      Circle denies the material allegations in paragraph eleven (11) of Plaintiff's Complaint and demands strict proof thereof.

12.      Circle denies the material allegations in paragraph twelve (12) of Plaintiff's Complaint and demands strict proof thereof.

13.      Circle denies the material allegations in paragraph thirteen (13) of Plaintiff's Complaint and demands strict proof thereof.

14.      Circle denies the material allegations in paragraph fourteen (14) of Plaintiff's Complaint and demands strict proof thereof.

## COUNT TWO – PREMISES LIABILITY

15.      Circle K realleges its responses to the preceding paragraphs as if fully set forth herein.

16.      Circle denies the material allegations in paragraph sixteen (16) of Plaintiff's Complaint and demands strict proof thereof.

17.      Circle denies the material allegations in paragraph seventeen (17) of Plaintiff's Complaint and demands strict proof thereof.

18.      Circle denies the material allegations in paragraph eighteen (18) of Plaintiff's Complaint and demands strict proof thereof.

19.      Circle denies the material allegations in paragraph nineteen (19) of Plaintiff's Complaint and demands strict proof thereof.

20.     Circle denies the material allegations in paragraph twenty (20) of Plaintiff's Complaint and demands strict proof thereof.

## COUNT THREE – NEGLIGENT, RECKLESS AND WANTON
## SUPERVISION AND TRAINING

21.     Circle K realleges its responses to the preceding paragraphs as if fully set forth herein.

22.     Circle denies the material allegations in paragraph twenty-two (22) of Plaintiff's Complaint and demands strict proof thereof.

23.     Circle denies the material allegations in paragraph twenty-three (23) of Plaintiff's Complaint and demands strict proof thereof.

24.     Circle denies the material allegations in paragraph twenty-four (24) of Plaintiff's Complaint and demands strict proof thereof.

## COUNT FOUR - FICTITIOUS

25.     Circle K realleges its responses to the preceding paragraphs as if fully set forth herein.

26.     There are no material allegations made against Circle K in paragraph twenty-six (26) of Plaintiff's Complaint; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against Circle K, said allegations are denied, and Circle K demands strict proof thereof.

27.     There are no material allegations made against Circle K in paragraph twenty-seven (27) of Plaintiff's Complaint; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against Circle K, said allegations are denied, and Circle K demands strict proof thereof.

## FIRST DEFENSE

Defendant denies that it was guilty of any negligence or wantonness which proximately caused or contributed to the cause of Plaintiff's alleged injuries and damages.

### SECOND DEFENSE

Defendant avers that on the occasion of the accident made the basis of this suit, Plaintiff was guilty of negligence which proximately contributed to cause Plaintiff's alleged injuries and damages.

### THIRD DEFENSE

Plaintiff's injuries and damages, none of which are admitted but are expressly denied, were not the result of any acts or omissions of Defendant but were the result of acts or omissions of other persons or entities.

### FOURTH DEFENSE

Plaintiff is barred from recovering under the Complaint in that there is no causal connection or relationship between the alleged negligence or wantonness of Defendant and Plaintiff's alleged injuries or damages.

### FIFTH DEFENSE

Defendant avers that Plaintiff is not the proper party and lacks standing and/or capacity to prosecute this action.

### SIXTH DEFENSE

Defendant avers that Plaintiff assumed the risk of Plaintiff's alleged injuries and damages.

### SEVENTH DEFENSE

Plaintiff's claims are barred in that the alleged condition complained of was open and obvious.

### EIGHTH DEFENSE

Plaintiff's claims are barred by collateral estoppel, equitable estoppel, judicial estoppel and/or *res judicata*.

### NINTH DEFENSE

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the

Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## TENTH DEFENSE

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

## ELEVENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## TWELFTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

## THIRTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life,

liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

## FOURTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## FIFTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## SIXTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## SEVENTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

DOCUMENT 8

### EIGHTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

### NINETEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to the Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

### TWENTIETH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, the imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendant for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific

standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### TWENTY-FIRST DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, the imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

### TWENTY-SECOND DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

### TWENTY-THIRD DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

### TWENTY-FOURTH DEFENSE

Defendant pleads that Plaintiff's claims are barred by lack of proximate cause.

### TWENTY-FIFTH DEFENSE

Defendant denies notice of the condition(s) alleged in Plaintiff's Complaint.

### TWENTY-SIXTH DEFENSE

Defendant avers Plaintiff's alleged injuries were caused by the acts of other parties.

### TWENTY-SEVENTH DEFENSE

Defendant denies that Plaintiff was injured to the nature and extent claimed and contests damages.

### TWENTY-EIGHTH DEFENSE

Defendant claims as a set-off any monies received by or paid on behalf of Plaintiff for the acts or injuries alleged in Plaintiff's Complaint, including insurance proceeds or settlements of any kind.

### TWENTY-NINTH DEFENSE

Defendant pleads as a defense that Plaintiff has failed to mitigate Plaintiff's alleged damages.

### THIRTIETH DEFENSE

Defendant avers Plaintiff's claims are barred by the applicable statutes of limitation.

### THIRTY-FIRST DEFENSE

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon non-parties or those whom they directly represent, *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation." *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### THIRTY-SECOND DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, sections 1, 6, and 22 of the Alabama Constitution because, among other reasons, criminal defendant is placed in a position of distinctive advantage over civil defendant of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendant.

### THIRTY-THIRD DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Ala. Code § 6-11-21 (1975).

### THIRTY-FOURTH DEFENSE

Defendant pleads application of Ala. Code 6-11-27 of the Alabama Code § 6-11-27, which expressly limits the imposition of vicarious liability for the punitive damages authorized to situations in which the principal has either negligently employed or continued to employ the agent guilty of the alleged misconduct participates.

### THIRTY-FIFTH DEFENSE

The Due Process Clause prohibits punishment of Defendant based on an injury to a nonparty because such punishment "would add a near standardless dimension to the punitive damages equation." Id.  Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of "arbitrariness, uncertainty and lack of notice." Id.  (citing *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 416, 418 (2003).

### THIRTY-SIXTH DEFENSE

The award of punitive damages against Defendant in this action violates the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559 (1996) and the Alabama Supreme Court in *BMW v. Gore*, 701 So. 2d 507 (Ala. 1997) and *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007) on the following grounds:

a.    It is a violation of Defendant's right to due process to impose punitive damages to deter future conduct, where less drastic remedies could achieve this goal;

b.    It is a violation of due process to subject Defendant to punitive damages without providing Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

      c.     It is a violation of Defendant's rights to due process to impose punitive damages which are grossly excessive.

### THIRTY-SEVENTH DEFENSE

Any verdict based upon Plaintiff's claims for compensatory damages for pain and suffering, mental anguish, or emotional distress would violate Defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution has the standards for assessing the propriety of an amount of such damages violate constitutional prohibitions against fake and overly broad laws.

### THIRTY-EIGHT DEFENSE

Plaintiff cannot recover for pain and suffering, mental anguish or emotional distress, if any, in that there is no fixed, objective and consistent standard under Alabama law for ascertaining the amount of such damages, such that any award of such damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 and Article I, Section 15 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### THIRTY-NINTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, any mental anguish damage award will violate these constitutional provisions because Alabama juries are given a rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### DEFENDANT DEMANDS TRIAL BY STRUCK JURY.

DOCUMENT 8

/s/ Glenn E. Ireland         
GLENN E. IRELAND (IRE002)
VIRGINIA F. GAMBACURTA (FLO033)
Attorneys for Defendant, Circle K Stores, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
        vgambacurta@carrallison.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 29th day of June, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

    \_\_\_\_\_ Facsimile transmission;
    \_\_\_\_\_ Hand Delivery;
    \_\_\_\_\_ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
    \_XX\_ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Garrett Parker Dennis, Esq.
Shunnarah Injury Lawyers
3626 Clairmont Avenue, South
Birmingham, AL  35222
gdennis@asilpc.com

/s/ Glenn E. Ireland         
OF COUNSEL